UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE # 1,

    Plaintiff,

v.                                                                                      CASE NO. 3:23-cv-383-MMH-JBT

CROWLEY MARITIME
CORPORATION, et al.,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** is before the Court on Defendant Crowley Maritime Corporation's Motion to Dismiss Plaintiff's Complaint and Motion to Strike (Doc. 21) and Plaintiff's Response thereto (Doc. 23). This Order concerns only the Motion to Strike portion of the Motion ("Motion to Strike"). The Motion to Dismiss portion will be addressed separately in due course. For the reasons stated herein, the Motion to Strike is due to be **DENIED without prejudice** to Defendant filing a separate motion to strike in accordance with this Order **on or before September 27, 2023**, only if necessary and after adequate oral conferral with Plaintiff and proper certification of said conferral.

    The Motion to Strike is due to be denied for Defendant's failure to adequately comply with Local Rule 3.01(g), which imposes a duty to confer in good faith. This Rule provides in relevant part:

> (1) *Duty*.  Before filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) *Certification*.  At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
>> (A) must certify that the movant has conferred with the opposing party,
>>
>> (B) must state whether the parties agree on the resolution of all or part of the motion, and
>>
>> (C) if the motion is opposed, must explain the means by which the conference occurred.

M.D. Fla. Loc. R. 3.01(g).

"The purpose of [Local Rule 3.01(g)] is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996).  "The spirit of Local Rule 3.01(g) requires the parties actually speak to each other in an attempt to resolve the disputed issues." *Greenwood v. Point Meadows Place Condo. Ass'n, Inc.*, No. 3:10-cv-1183-J-34TEM, 2011 WL 5358682, at *1 (M.D. Fla. Nov. 7, 2011).

Although the Motion to Strike includes a Local Rule 3.01(g)(2) certification, it does not explain the means by which conferral occurred.  *See* M.D. Fla. R. 3.01(g)(2)(C).  Moreover, given the extent of material Defendant is seeking to have stricken from the Complaint, it appears that the attorneys have not adequately conferred with each other in a good faith effort to resolve the disputed issues.  The Motion to Strike asks the Court to strike a plethora of paragraphs from the ninety-

five-page Complaint in addition to an eighty-page exhibit. (Doc. 21 at 21–24.) This amount of material at issue requires a lengthy, meaningful conferral, which does not appear to have occurred.

When conferring, the parties should consider how the Court will likely rule on each issue raised in the Motion to Strike.  "[M]otions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey v. Lake Buena Vista Resort, LLC,* 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008); *see also Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962).  To prevail on a motion to strike, the movant must show that "the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Harvey*, 568 F. Supp. 2d at 1359; *see also Augustus*, 306 F.2d at 868 ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ("A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted

has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.") (internal quotation marks omitted).[1]

Accordingly, it is **ORDERED:**

The Motion to Strike (**Doc. 21**) is **DENIED without prejudice** to Defendant filing a separate motion to strike, if necessary, **on or before September 27, 2023,** after counsel for the parties have fully and adequately conferred in person or by extended video or telephone conference regarding each and every item in dispute. In any new motion Defendant might file, the Local Rule 3.01(g) certificate must identify the date(s) and length of the conference(s) and the participants thereto. It must also state the means by which conferral occurred.

**DONE AND ORDERED** in Jacksonville, Florida, on September 6, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] In light of this stringent standard, Defendant should reconsider the filing of any new motion. Defendant must reassess whether it will truly be prejudiced by any allegations in the Complaint. The current Motion to Strike is not persuasive in this regard.