UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE #1,

      Plaintiff,                      Case No. 3:23-cv-383-MMH-SJH

v.

CROWLEY MARITIME
CORPORATION and
JUAN EMILIO BLANCO,

      Defendants.

_____/

### DEFENDANT CROWLEY MARITIME CORPORATION'S MOTION FOR PROTECTIVE ORDER PROHIBITING EXTRAJUDICIAL STATEMENTS REGARDING THE TREMINIO AND DOE CASES

Defendant, Crowley Maritime Corporation ("Crowley"), moves this Court for a protective order prohibiting the parties and representatives of the parties, including former counsel, from making extrajudicial statements about the *Treminio* Case and the *Doe* Case. Crowley makes this request as a result of statements made by J. Ryan Melogy ("Melogy") and Adria Notari, personally, on social media, and by Melogy through Melogy's law firm, Maritime Legal Solutions, PLLC, and non-profit entity, Maritime Legal Aid & Advocacy, Ltd.[1] The statements at issue were made via social media and Plaintiff's counsel knew or should have known the comments would have a substantial likelihood of prejudicing an adjudicative proceeding and/or were

---

[1] Maritime Legal Aid & Advocacy is a nonprofit organization "founded" by Melogy. *See* **Exhibit A**, "Ryan Melogy" at https://jryanmelogy.com. To the best of Crowley's knowledge, Melogy is the organization's only employee.

otherwise in violation of the Florida Rules Governing Professional Conduct and the New York Rules of Professional Conduct.

## I.    RELEVANT FACTUAL BACKGROUND

### A. The Treminio Lawsuit

On February 15, 2022, Vanessa Treminio ("Treminio") filed a lawsuit against Crowley alleging that Crowley engaged in sex trafficking and forced labor arising out of an alleged sexual assault by a former Crowley employee, Defendant, Juan Emilio Blanco ("Blanco") (the "*Treminio* Case").[2]  On March 1, 2022, Melogy filed a "Motion for Special Admission" as counsel for Treminio because Melogy is admitted to practice law in New York but is not admitted to practice in Florida.[3]   On March 8, 2022, the Court granted Melogy's motion permitting Melogy to specially appear as counsel for Treminio in the *Treminio* Case.[4]

### B. The Doe Lawsuit

On April 3, 2023, Plaintiff filed the instant case against Crowley and Blanco alleging that Crowley engaged in sex trafficking arising out of an alleged groping by Blanco while on a business trip in Jacksonville (the "*Doe* Case").[5]  The *Doe* complaint includes as an exhibit a copy of the complaint filed in the *Treminio* Case and incorporates a substantial number of allegations from *Treminio*.[6]  Because Melogy is

---

[2] *Treminio v. Crowley Maritime Corporation et al.*, Case No. 3:22-cv-00174-CRK-PDB (hereinafter, "*Treminio* Case") (Doc. 1) Complaint.
[3] *Treminio* Case (Doc. 9) Motion for Special Admission.
[4] *Treminio* Case (Doc. 11) March 8, 2022 Order.
[5] *Jane Doe #1 v. Crowley Maritime Corporation et al.*, Case No. 3:23-cv-00383-MMH-SJH (hereinafter, "*Doe* Case") (Doc. 1) Complaint.
[6] *See Doe* Case (Doc. 1) Complaint.

2

licensed to practice law in New York and not in Florida, on April 4, 2023, Melogy filed a Motion for Special Admission and, on April 5, 2023, this Court granted Melogy's Motion for Special Admission permitting Melogy to serve as counsel for Plaintiff in the *Doe* Case.[7]

### C. Melogy's highly prejudicial and unethical social media campaign against Crowley

Beginning with the *Treminio* Case and continuing during this litigation, while acting as counsel for Treminio and Plaintiff Doe, Melogy posted commentary on Maritime Legal Solutions' website and social media sites regarding the *Treminio* and *Doe* Cases which contain prejudicial characterizations and misleading information and statements regarding the pending litigation with regard to the Court filings by the parties as well as this Court's rulings.[8]  Melogy further posted a number of equally misleading posts and disparaging statements on social media via his personal LinkedIn account, as well as through the LinkedIn account of Maritime Legal Solutions.[9] Examples include:

- Referencing officers at Crowley in relation to their alleged responses to and denial of Plaintiff's complaints: "Don't allow [Blanco] to traffick and sexually abuse more women simply because you think you can make this accusation disappear and protect your company in the process. That is evil. It's actually evil."[10]

- In posting about Treminio's deposition, Melogy called the *Treminio* Case

---

[7] *Doe* Case (Doc 3) Motion for Special Admission.  Notably, Melogy gave differing statements to the Court in the *Treminio* Case and the *Doe* Case regarding his residency.  *Compare Treminio* Case (Doc. 9) Motion for Special Admission with *Doe* Case (Doc. 3) Motion for Special Admission.  *See also Doe* Case (Doc. 7) Endorsed Order granting Motion for Special Admission (of J. Ryan Melogy).
[8] Copies of the referenced blog posts are attached to this Motion as **Composite Exhibit B.**
[9] Copies of Melogy's LinkedIn posts are attached to this Motion as **Composite Exhibit C.**
[10] Composite **Exhibit C** at Crowley/Doe 001099.

3

and the *Doe* Case an "expanding scandal" and said that during Treminio's deposition, "[Treminio] literally made the court reporter cry. She made Adria [Notari] cry, and made me cry. Crowley's General Counsel was not enjoying himself – I don't know if he cried but he should have."[11]

- In that same post, Melogy further stated that "Crowley has a problem, because they didn't do the right thing, and didn't do the right thing, and didn't do the right thing again, and over and over again they didn't do the right thing. They put profits before people, and they knowingly allowed horrible things to happen to these women. And they will pay for that, eventually – as they should."[12]

- In another post, Melogy stated that "Continuing to Publicly Deny the Veracity of [Treminio's] Allegations Is Not Going to Have a Happy Ending for Crowley … But #Crowley is Going [sic] to do things the way they've always done them … That's all it can do …"[13]

- Melogy also bragged that "if and when the jury … finds that Crowley … engaged in sexual trafficking and forced labor [of Treminio] … Crowley's DFTS contract could be terminated… Crowley could also be barred from EVER receiving another U.S. government contract."[14]

- Melogy posted to Maritime Legal Solutions' blog that this Court "disagrees" with Crowley's denial that Treminio's claims constitute sex trafficking or forced labor despite this Court merely denying a motion to dismiss.[15] In so doing, Melogy makes it seem like the Court made a substantive legal conclusion based upon findings of fact against Crowley when that was not the case.

- Melogy further publicly commented on Crowley's rebranding on January 12, 2023 stating, "Crowley's Sex Trafficking victims are not impressed with the corporate rebrand."[16]

Many of these posts cite to news articles regarding the *Treminio* Case and/or *Doe* Case and contain Melogy's personal commentary that includes defamatory statements

---

[11] Composite **Exhibit C** at Crowley/Doe 001100.

[12] Composite **Exhibit C** at Crowley/Doe 001100.

[13] Composite **Exhibit C** at Crowley/Doe 001104.

[14] Composite **Exhibit C** at Crowley/Doe 001101.

[15] Composite **Exhibit B** at Crowley/Doe 001086-001087.  As of the date of this Motion, the January 10, 2023 blog post appears to have been removed from Maritime Legal Solutions' blog website.

[16] Composite **Exhibit C** at Crowley/Doe 001107.

4

regarding Crowley in attempts to cast Crowley, and even its corporate counsel, in a highly negative light and to influence public opinion and the eventual jury for this case against Crowley.

### D. Melogy is cautioned by the Court about his social media commentary

On June 27, 2023, Magistrate Judge Patricia Barksdale held a telephonic hearing regarding the scope of the topics of a Rule 30(b)(6) deposition of Crowley's corporate representative in the *Treminio* Case. During the June 2023 hearing, Judge Barksdale addressed Melogy's blog posts telling him that it was concerning that he was publicly blogging about active lawsuits when he was acting as counsel for Treminio. Judge Barksdale indicated that such actions could taint the jury pool and be in violation of the Rules Regulating the Florida Bar (the "Florida Bar Rules").[17] In response, Melogy stated that if Judge Barksdale believed his blog posts "could taint the jury pool or violate the [Florida] Bar rules . . . [he would] stop posting them."[18] While some of the improper blog posts and LinkedIn commentary were revised or removed by Melogy following the June 27th hearing, Melogy has since resumed his defamatory and prejudicial campaign against Crowley.

### E. Melogy withdraws as counsel for Treminio and Doe

On September 12, 2023, Melogy filed a Motion to Withdraw as Counsel in the

---

[17] **Exhibit D**, Excerpt from the Transcript of the June 27, 2023 Telephone Conference before Magistrate Judge Patricia Barksdale at 11; 13-14; 25-28.
[18] **Exhibit D**, Excerpt from the Transcript of the June 27, 2023 Telephone Conference before Magistrate Judge Patricia Barksdale at 28.

4891-3263-2285, v. 1

*Treminio* Case.[19]  Three days later, on September 15, 2023, Melogy filed an Unopposed Motion to Withdraw as Counsel in the *Doe* Case.[20]  On September 20, 2023, this Court granted Melogy's motion to withdraw as counsel in the *Doe* Case.[21]  On November 6, 2023, the Court granted Melogy's motion to withdraw as counsel for Treminio.[22]  Notwithstanding, during her recent deposition in the *Doe* Case on July 30, 2024, Treminio testified that it was her personal understanding that Melogy remained her counsel throughout the entire duration of her lawsuit and still currently represents her.[23]

### F.  Melogy publicly represents that he is counsel for Treminio and Doe

Despite having withdrawn as counsel for Doe in September 2023 and as counsel for Treminio in November 2023, Melogy continued to represent on social media that he was acting counsel in the *Treminio* and *Doe* Cases.  For example, on December 13, 2023, Melogy stated "Maritime Legal Solutions, PLLC and co-counsel have won a major victory for their client by defeating two motions for summary judgment filed by the defendants in a federal sex trafficking and forced labor lawsuit . . . ."[24]  Further, on the Maritime Legal Solutions' website, Melogy still represents that he is counsel for

---

[19] *Treminio* Case (Doc. 113) Partially Unopposed Motion to Withdraw as Counsel.
[20] *Doe* Case (Doc. 28) Unopposed Motion to Withdraw as Counsel.
[21] *Doe* Case (Doc. 32) September 20, 2023 Order.
[22] *Treminio* Case (Doc. 125) November 6, 2023 Order at 3.
[23] Treminio filed a Notice of Voluntary Dismissal with Prejudice on June 27, 2024.  *Treminio* Case (Doc. 171) Plaintiff's Notice of Voluntary Dismissal with Prejudice.
[24] **Exhibit E**, December 13, 2023 blog post, Ryan Melogy and Maritime Legal Solutions Defeat Motions for Summary Judgment in Federal Sex Trafficking and Forced Labor Lawsuit.

Treminio and Doe.[25]  Similarly, on July 9, 2024, via Maritime Legal Aid's Instagram account, Melogy states, "Congratulations to the courageous plaintiff in this case Vanessa Treminio and to her attorneys, Ryan Melogy and Adria Notari . . . ."[26] Finally, Melogy is quoted in a July 10, 2024 article published by Shippingwatch in which he appears to be continuing to hold himself out to the media as counsel for Treminio and Doe.[27]

### G. Melogy continues his negative and untrue social media campaign against Crowley

In March 2024, the *Treminio* Case was resolved by the parties, and the lawsuit was voluntarily dismissed by Treminio with prejudice on June 27, 2024.[28]  However, the *Doe* Case remains pending.  As discussed above, Plaintiff incorporated all the allegations from the *Treminio* Case into the *Doe* Case and clearly intends to rely on the allegations made by Treminio and the information obtained in the litigation of the *Treminio* Case to attempt to prove her claims.  Therefore, the *Treminio* Case and *Doe* Case are inextricably intertwined.

On July 11, 2024, Melogy reposted a Jacksonville Business Journal article about

---

[25] Composite **Exhibit F**, Crowley Sex Trafficking and Forced Labor Lawsuit: Vanessa Treminio vs. Crowley Maritime Corp. et. al., https://www.justiceformariners.com/cases/vanessa-treminio-vs-crowley-maritime-sex-trafficking-forced-labor-lawsuit, last accessed July 27, 2024; Jane Doe #1 vs. Crowley Maritime Corp. et. al. – Sex Trafficking Lawsuit, https://www.justiceformariners.com/cases/jane-doe-vs-crowley-maritime-sex-trafficking-lawsuit, last accessed July 27, 2024.
[26] **Exhibit G**, July 9, 2024 Instagram post, maritimelegalaid, regarding the TradeWinds article.
[27] **Exhibit H**, Holmstad, Dag, *Esvagt Partner Crowley Settles Harassment Case in the US*, Shippingwatch, July 10, 2014 https://shippingwatch.com/Offshore/article17270504.ece.
[28] *Treminio* Case (Doc. 170) Joint Notice of Resolution; (Doc. 171) Plaintiff's Notice of Voluntary Dismissal with Prejudice.

the parties' resolution of the *Treminio* Case.  Through his non-profit entity, Maritime

Legal Aid, Melogy stated,

> Raise your hand if you believe Crowley's blanket denial of the allegations contained in the still ongoing Sex Trafficking lawsuit that a federal judge has already allowed to move forward? No, We aren't raising our hand either. The way this company has handled the Jane Doe #1 vs. Crowley Maritime Corporation Sex Trafficking case is a masterclass in how to totally bungle Risk Management, especially Reputational Risk. it's spectacularly bad."[29]

Melogy further stated, "Rumor has it that Crowley even recently fired their General

Counsel Parker Harrison over her handling of Jane Doe #1 vs. Crowley Maritime.

Parker don't (sic) work there no (sic) more.  That we know."[30]  Then, Melogy quotes

something attributable to Donald Trump about always denying and never admitting

anything and cites it as being Tom Crowley's "playbook."[31]   Melogy's claims that

Crowley "lost" the *Treminio* Case and his statements about Tom Crowley and

Crowley's former Chief Risk and Legal Officer, Parker Harrison, are not only patently

false and defamatory but they are also prejudicial to Crowley by potentially tainting

the jury pool in the *Doe* Case.

Melogy also recently published false and malicious lies about Crowley on his

personal LinkedIn account.  On or about July 10, 2024, Melogy posted a lengthy

narrative about his fight "to achieve justice for Vanessa [Treminio]."[32]   In this

---

[29] **Exhibit I,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Jacksonville Business Journal article.

[30] **Exhibit I,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Jacksonville Business Journal article.

[31] **Exhibit I,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Jacksonville Business Journal article.  Thomas B. Crowley, Jr. is the Chief Executive Officer and Chairman of the Board of Directors of Crowley.

[32] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.

LinkedIn post, Melogy claims that he is now a litigator as a result of the *Treminio* Case and represents himself as being Treminio's attorney throughout the case, despite withdrawing as counsel in the lawsuit on November 6, 2023.[33]  Melogy falsely claims to have won "a huge motion for summary judgment" in the case,[34] which implies that Treminio filed and prevailed on a motion for summary judgment, thereby winning the case.  However, Treminio never filed a motion for summary judgment, and she was never the prevailing party in the *Treminio* Case.

Then, in the same post, when engaging in a public exchange with Plaintiff's counsel of record, Adria Notari ("Notari"), Notari endorsed Melogy's false statements by stating, "I echo your sentiments! I am so grateful for this opportunity and immensely proud of the work we've done for *our* incredibly courageous client."[35]  In responding to Notari, Melogy again describes himself as Treminio's lawyer and claims, "We did it [three "fist bump" emojis]," suggesting he and Notari won something in the *Treminio* Case, which, again is false.[36]  Notari then responded stating, "Thanks to [Treminio] we are developing the case law on the Trafficking Victims Protection Act, and other victims are already citing her case in their own lawsuits [muscle flex emoji]."[37]

Maritime Legal Aid also posted an article by Lloyd's List regarding the

---

[33] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.
[34] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.
[35] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913 (emphasis added).
[36] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.
[37] **Exhibit J,** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.

resolution of the *Treminio* Case, and Melogy commented,

> Tom Crowley, Jr., is certainly in denial about a major safety issue within his company, and that's dangerous for current and future employees. You can't solve a problem by living in denial of the problem. It must be very painful to lose a very public, high profile sexual misconduct case that implicated senior executives of the company. It must be a bitter pill to swallow. We suppose denial is a common way to deal with such bitter legal and business defeats. We are not talking about this case of course. Just in general . . . .[38]

As discussed above, neither Crowley nor Tom Crowley "lost" the *Treminio* Case. Indeed, the *Treminio* Case was voluntarily dismissed on June 27, 2024.[39]

Even more recently, on or about July 17, 2024, Melogy comments on the pending *Doe* Case stating,

> Another piece in the Jacksonville Business Journal about *our sex trafficking cases* against Crowley Maritime. Dozens of news articles have now linked Crowley to sex trafficking allegations, and one of *our cases* continues to move forward, unresolved – 2.5 years after Adria Notai and I first approached Crowley and asked if they wanted to settle pre-suit. That was quite a phone call . . . .[40]

Melogy then pontificates on the alleged question of "why Crowley wants to drag [the *Doe* Case] out in the public eye instead of resolving all of it."[41] Melogy affirmatively calls himself "the plaintiffs' attorney" (i.e., the attorney for Treminio and Doe) despite his withdrawal as counsel from both cases months ago, in September 2023 and November 2023, respectively.[42]

## II.    MEMORANDUM OF LAW

---

[38] **Exhibit K,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Lloyd's List article.
[39] *Treminio* Case (Doc. 171) Plaintiff's Notice of Voluntary Dismissal with Prejudice.
[40] **Exhibit L,** July 17, 2024 LinkedIn post by J. Ryan Melogy, No. 7219353746063978497 (emphasis added).
[41] **Exhibit L,** July 17, 2024 LinkedIn post by J. Ryan Melogy, No. 7219353746063978497.
[42] **Exhibit L,** July 17, 2024 LinkedIn post by J. Ryan Melogy, No. 7219353746063978497.

Melogy's conduct on social media throughout the *Treminio* Case and *Doe* Case is in violation of his ethical duties and obligations as an attorney and member of the New York Bar Association.  Moreover, Melogy's conduct is highly prejudicial to Crowley, particularly because Melogy continues to publicly represent that he is counsel for Treminio and Plaintiff with "inside" knowledge of the litigation.  Melogy should not be permitted to skirt his ethical obligations and instigate a social media crusade against Crowley by withdrawing as counsel of record and insulating himself from the jurisdiction of this Court, but continuing to represent Doe without being properly admitted in Florida, thus avoiding any repercussions for his ongoing unethical and prejudicial conduct.

As an initial matter, had Melogy not withdrawn as counsel for Treminio and Doe, Crowley's ability to obtain relief from Melogy's continued social media crusade is clear.  Pursuant to Local Rule 2.01(e), Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), the Florida Bar's rules of professional conduct are binding on all attorneys appearing before this Court. Rule 4-3.6(a), Florida Bar Rules, states that "[a] lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding due to its creation of an imminent and substantial detrimental effect on that proceeding."

Here, Melogy makes repeated, and has publicly promoted and published, comments that materially prejudice the administration of justice in the *Doe* Case.  Such

posts stand to taint the entirety of these proceedings and serve to greatly prejudice Crowley in violation of Rule 4-3.6(a), Florida Bar Rules.  If Melogy remained as counsel, there is no question that this Court could issue sanctions against Melogy for his conduct.  *See* Rule 4-8.4(d), Florida Bar Rules (defining lawyer misconduct to include instances where the lawyer is found to "engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis . . . . "); *Leigh v. Avossa*, 16-81612-CIV, 2017 WL 2799617 (S.D. Fla. June 28, 2017) (sanctioning an attorney for inflammatory social media posts that compared employees of a litigant to members of the Ku Klux Klan,  threatened another employee with jail time, accused another employee of self-dealing, accused officers of a litigant with testing fraud, and referenced a "shooting campaign," among other inflammatory, derisive, and demeaning posts); *United States v. AM-Med Diabetic Supplies, Inc.*, 15-81520-CIV, 2019 WL 331226, at *3 (S.D. Fla. Jan. 25, 2019) (denying a motion for protective order without prejudice and instructing the non-moving party's counsel to "determine whether counsel believes it is appropriate to modify or remove all or portions of the [website] posts at issue" so that the case could be "litigated and tried in court, not on social media").[43]

---

[43] Melogy's conduct is also in clear violation of the New York Rules of Professional Conduct.  *See* New York Rules of Professional Conduct, Rule 3.6(a)-(b) Trial Publicity ("(a) A lawyer who is participating in or has participated in a . . . civil matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication

**A. The Court should instruct the parties and their representatives to refrain from commenting on social media, or otherwise, about the *Treminio* Case and the *Doe* Case**

"[T]he Supreme Court has recognized the Court's power to proscribe extrajudicial statements by any lawyer, party, witness, or court official which divulged prejudicial matters." *Adams v. Lab. Corp. of Am.*, No. 1:10-CV-3309-WSD, 2014 WL 7336697, at *3 (N.D. Ga. Dec. 22, 2014) (citing *Sheppard v. Maxwell,* 384 U.S. 333, 361 (1966)).   There is some confusion as to Melogy's actual relationship with Treminio and Doe.   As discussed above, Melogy has withdrawn as counsel of record in the *Treminio* Case and *Doe* Case but continues to represent that he is their lawyer. Moreover, it is undisputed that Melogy had a financial interest in the *Treminio* Case and has a financial interest in the *Doe* Case.   In addition, Treminio testified that she understood that Melogy continued to be her lawyer throughout the entire duration of her case and even today.   Notwithstanding Melogy's role in this litigation, there is no dispute that Notari is counsel of record for the Plaintiff.   Accordingly, Crowley requests this Court issue a protective order restricting the extrajudicial statements by parties and the parties' representatives in this case, including former counsel (in the event Melogy has misrepresented his relationship with Treminio and Doe).

Importantly, Crowley does not request that the restraining order be directed to

---

and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter [ ] [and] (b) A statement ordinarily is likely to prejudice materially an adjudicative proceeding when it refers to a civil matter triable to a jury . . . and the statement relates to: (1) the character, credibility, reputation or criminal record of a party . . . or the identity of a witness or the expected testimony of a party or witness . . . . " ).

the media. *See United States v. Scrushy*, No. CR-03-BE-0530-S, 2004 WL 848221, at *1 (N.D. Ala. Apr. 13, 2004) (noting that "if the parties sought prior restraint against the media's First Amendment rights, the court would be faced with a more stringent legal standard"). Crowley seeks a protective order restricting the extrajudicial statements of Plaintiff and her representatives because, as Melogy's social media posts demonstrate, counsel's ethical obligations and the Court's prior warning have not been a sufficient deterrent to Treminio and Doe's current (or former) counsel, Melogy, from making prejudicial public statements. *See id.* at *2 ("[T]he ethical obligations imposed on [counsel] to refrain from making prejudicial and/or improper comments about this case . . . should be sufficient restraint without the need for a protective order").

Federal Rule of Civil Procedure 26(c)(1) provides that a party or any person may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." The party seeking the protective order has the burden to provide the Court with "good cause" for the protection sought. Fed. R. Civ. P. 26(c). While the Eleventh Circuit has not directly decided the appropriate standard for restriction of speech to be imposed on attorneys, the Middle District of Alabama evaluated the issue and identified the following test: "[A] court should issue a gag order only if (1) the attorneys' speech presents a substantial likelihood of material prejudice to the proceedings; (2) the proposed protective order is narrowly tailored; (3) alternatives to the protective order would not be effective; and (4) the order would be effective in achieving the [moving party's] goal." *United States v. McGregor*, 838 F. Supp. 2d 1256,

1262 (M.D. Ala. 2012); *United States v. Scrushy*, No. CR-03-BE-0530-S, 2004 WL 848221, at *4 (N.D. Ala. Apr. 13, 2004) (adopting the "substantial likelihood" standards and assuming that it requires a "stronger showing").

Melogy's social media commentary, and his recent public exchange with Notari, present a substantial likelihood of material prejudice to the proceedings.  First, Plaintiff has made the strategic decision to make the *Treminio* Case an integral part of the *Doe* Case.  As a result, Melogy and Notari's erroneous commentary on social media about "winning" the *Treminio* Case, a case with the same Defendants and alleging the same cause of action, is highly prejudicial to Crowley.[44]  Indeed, it appears to a prospective jury member that Crowley was found responsible for allegedly sex trafficking Treminio, which is false.  Moreover, Melogy's recent commentary about Tom Crowley is not only inaccurate, misleading, and false, but it also implies that decisions allegedly made by Tom Crowley were somehow wrongful, immoral, and/or unethical.[45]  Furthermore, Melogy falsely states (alleging a so-called rumor) that Crowley's former Chief Risk and Legal Officer was terminated from Crowley "over her handling of [the *Doe* Case].[46]  Melogy's false and defamatory comments regarding the character and credibility of two high-ranking Crowley officials, who he represents as being intimately involved in the *Treminio* and *Doe* Cases, are defamatory, highly

---

[44] **Exhibit J** July 10, 2024 LinkedIn post by J. Ryan Melogy, No. 721645913922334913.
[45] **Exhibit L,** July 17, 2024 LinkedIn post by J. Ryan Melogy, No. 7219353746063978497; **Exhibit G,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Jacksonville Business Journal article.
[46] **Exhibit I,** July 11, 2024 Instagram post, maritimelegalaid, regarding the Jacksonville Business Journal article.

15

prejudicial, and risk tainting the jury pool, particularly when he represents that he is counsel for both plaintiffs and makes the comments in response to a news article in the Jacksonville Business Journal.

The reality of modern media and the internet means that the potential exposure of a person's commentary is not limited to the market in which it is published. *Lott v. Estes*, CV422-123, 2023 WL 4278688, at *7 (S.D. Ga. June 29, 2023). Indeed, information on the internet "remains on the internet regardless of when a trial is scheduled." *Id.* As a result, "arguments that there was no reasonable likelihood that dissemination would interfere with a fair trial or otherwise prejudice the due administration of justice because [the plaintiff and counsel for plaintiff] did not utilize a [local] news station and no trial is scheduled in this case are unavailing." *Id.* In this case, when a member of the public performs an internet search via Google of "Crowley Maritime Corporation sex trafficking," Maritime Legal Solutions' website is the second search result.[47] Furthermore, Maritime Legal Solutions is the first result under "People also ask: What is the Crowley Maritime controversy?" which is a gratuitous alternative search suggested by Google.[48] Therefore, even a cursory search for information about this case will take a third party to Melogy's website and then social media.

Moreover, there is no reason to believe that Melogy's false and malicious commentary regarding the *Treminio* Case or the *Doe* Case will cease without the

---

[47] *See* **Composite Exhibit M**, Google results related to case search.
[48] *See* **Composite Exhibit M**, Google results related to case search.

Court's intervention.  Melody has already been warned by this Court that his social media statements were likely in violation of the rules of ethics governing lawyers and his response was to withdraw as counsel of record so he could hide in the shadows but continue to represent the plaintiffs and continue with his wrongful behavior.  The Court has the authority and discretion to regulate and manage the conduct of the parties, lawyers, witnesses, and "trial participants" before it, subject to First Amendment constraints.  *See Cardinale v. City of Atlanta*, No. 1:20-CV-01077-AT, 2020 WL 3046396, at *5 (N.D. Ga. June 8, 2020).  Accordingly, Crowley requests this Court issue a protective order and prohibit the parties and their representatives, including former counsel, from making extrajudicial statements regarding the *Treminio* Case or *Doe* Case.

> **B. In the alternative, the Court should issue a gag order prohibiting Melody, specifically, from making extrajudicial statements regarding the *Treminio* Case and *Doe* Case**

Crowley recognizes that "[a] gag order is a prior restraint on speech and, as such, is the most serious and the least tolerable infringement on First Amendment rights."  *United States v. McGregor*, 838 F. Supp. 2d 1256, 1260 (M.D. Ala. 2012) (quoting *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 559 (1976)).  Crowley also acknowledges that gag orders in civil cases are much less common than gag orders in criminal cases.  *See In re Petroforte Brasileiro de Petroleo Ltda.*, 530 B.R. 503, 512 (Bankr. S.D. Fla. 2015).  However, "[t]his Court has long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial . . . to safeguard the due

17

process rights of the accused, a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979) (internal citations omitted).

In this case, Melogy has withdrawn as counsel for Treminio and Doe.  As a result, Melogy likely believes that he has insulated himself from the ethical rules for lawyers that are enforceable by this Court.  Melogy should not be permitted to weaponize his withdrawal as counsel for Treminio and Doe to prejudice Crowley in the *Doe* Case, while continuing to hold himself out to the public as being Treminio and Doe's lawyer.  Indeed, the court in the *Treminio* Case previously informed Melogy that his conduct via social media was potentially in violation of the Florida Bar Rules and risked tainting the jury pool.  While Melogy told the Court that he would refrain from such conduct, he has not done so.  Accordingly, Crowley requests, at a minimum, entry of a limited "gag order" prohibiting Melogy from (1) holding himself out as current counsel for Treminio or Doe and (2) making false and/or misleading extrajudicial statements regarding the *Treminio* Case or *Doe* Case, Crowley as related to the *Treminio* Case or *Doe* Case, and any agent of Crowley as related to the *Treminio* Case or *Doe* Case.

## III.   CONCLUSION

For the reasons set forth herein, Defendant, Crowley Maritime Corporation, respectfully requests this Court grant its Motion and issue either a protective order directed at all parties and party representatives, or a gag order directed at Melogy that prohibits extrajudicial speech regarding the *Treminio* Case and *Doe* Case, and for such

18

other and further relief as this Court deems just and proper.

Dated this 27th day of August 2024.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: */s/ Kelly DeGance*
    Kelly DeGance
    Florida Bar No. 0606022
    E-mail: kelly.degance@adblegal.com
    Samantha Giudici Berdecia
    Florida Bar No. 0058667
    E-mail: samantha.giudici@adblegal.com
    E-mail: mailbox@adblegal.com
    1500 Riverside Avenue
    Jacksonville, FL 32204
    (904) 345-3277 Telephone
    (904) 345-3294 Facsimile
    *Attorneys for Crowley Maritime Corporation*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, counsel for Crowley has conferred with counsel for Plaintiff, who stated that Plaintiff opposes the relief sought in this Motion.

                          */s/ Kelly DeGance*
                            ATTORNEY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 27, 2024, I served the foregoing via electronic mail to: Adria Notari, Notari Law, P.A., 1820 SW 14th Court, Fort Lauderdale, Florida 33312 (anotari@NotariLaw.com); Spencer T. Kuvin, Law Offices of Craig Goldenfarb, P.A., 1641 Worthington Road, Suite 300, West Palm Beach, Florida 33409 (wpf11942006@goldlaw.filevineapp.com) (skuvin@goldlaw.com) (snewall@goldlaw.com) (aattick@goldlaw.com); Kristyne Kennedy and Kelsey Ortiz, Cole, Scott & Kissane, P.A., 1900 Summit Tower Blvd. Suite 400, Orlando, FL 32810 (kristyne.kennedy@csklegal.com) (kelsey.ortiz@csklegal.com) (celia.cates@csklegal.com).

Crowley has also served the foregoing via electronic mail and regular mail to Plaintiff's former counsel: J. Ryan Melogy, Maritime Legal Solutions, PLLC, 276 Fifth Ave., Suite 704-1454, New York, NY 10001 (maritimelegalsolutions@pm.me) (ryan@justiceformariners.com).


/s/Kelly DeGance
ATTORNEY

20